**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAYMOND D. GRAHAM and DASHAWN GRAHAM, Consolidated Petitioner, <br><br> Petitioners - Appellants, <br><br> v. <br><br> KELLY HARRINGTON, Warden, <br><br> Respondent - Appellee. | Nos. 13-56554, 13-56555 <br><br> D.C. Nos. 8:11-cv-00443-R-SS, <br>        8:12-cv-00856-R-SS <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted January 9, 2015
Pasadena, California

Before:    WARDLAW, W. FLETCHER, and OWENS, Circuit Judges.

In these consolidated appeals, California state prisoners Raymond and

Dashawn Graham appeal the denial of their 28 U.S.C. § 2254 habeas petitions.  We

have jurisdiction under 28 U.S.C. § 2253.  We review de novo the district court's

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

decision to deny their habeas petitions, *see Clabourne v. Ryan*, 745 F.3d 362, 370 (9th Cir. 2014), and we affirm.

In a joint state court trial, a jury found Appellants guilty of three counts of home invasion robbery, two counts of residential burglary, one count of unlawfully taking a vehicle, and one count of street terrorism. The claim certified for our review is that the prosecutor struck seven different jurors during voir dire for racially discriminatory reasons in violation of *Batson v. Kentucky*, 476 U.S. 79 (1986). They argue that because the trial court failed to proceed to "step three" of the *Batson* inquiry, in which the court is tasked with "evaluat[ing] meaningfully the persuasiveness" of the prosecutor's race-neutral explanations, *United States v. Alanis*, 335 F.3d 965, 969 (9th Cir. 2003), we should review the *Batson* claim de novo. 28 U.S.C. § 2254. In its decision on direct appeal, the California Court of Appeal found that the defendants failed to establish that the trial court did not fulfill its duty of evaluating the prosecutor's rationale for pretext. We must afford this finding a presumption of correctness. *See Williams v. Rhoades*, 354 F.3d 1101, 1108 (9th Cir. 2004). Because Appellants are unable to rebut this presumption, we reject their argument that their claim should be reviewed de novo.

Under the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254(d)(2), we review the merits of Appellants' claim under a "doubly

2

deferential" standard: "unless the state appellate court was objectively unreasonable in concluding that [the] trial court's credibility determination was supported by substantial evidence, we must uphold it." *Briggs v. Grounds*, 682 F.3d 1165, 1170 (9th Cir. 2012). Under this "doubly deferential" standard of review, we have reviewed each challenge and cannot conclude that the California Court of Appeal's decision as to any of these challenges was "objectively unreasonable." Indeed, to the extent that Appellants claim the trial court erred by failing to conduct a comparative analysis, the California Court of Appeal and the district court conducted just that, and correctly concluded that there was no "purposeful discrimination" by the prosecutor in exercising her peremptories.

**AFFIRMED.**